IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. BRUMMETT

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JOE B. BRUMMETT, APPELLANT.

Filed July 7, 2026.    No. A-26-008.

Appeal from the District Court for Lancaster County: MATTHEW O. MELLOR, Judge. Affirmed as modified.

Kristi J. Egger, Lancaster County Public Defender, and Shawn Elliott for appellant.

Michael T. Hilgers, Attorney General, and Melissa R. Vincent for appellee.

MOORE, PIRTLE, and FREEMAN, Judges.

FREEMAN, Judge.

## INTRODUCTION

Joe B. Brummett appeals his plea-based conviction for child abuse entered by the district court for Lancaster County. He argues that the district court erred by ordering him to register under the Sex Offender Registration Act (SORA) and by imposing an excessive sentence.

Because the district court's written order does not conform to its oral pronouncement, we affirm the district court's order as modified.

## BACKGROUND

Brummett was charged by information with first degree sexual assault and tampering with a witness or informant, Class II felonies. Pursuant to a plea agreement, Brummett agreed to plead no contest to an amended information charging him with child abuse, a Class IIIA felony.

- 1 -

At the plea hearing, the State provided a factual basis. In October 2024, an officer with the Lincoln Police Department was dispatched to a local high school for a report of a sexual assault. The reporting party was a minor child, born in 2009, with the initials L.B. L.B. disclosed to a school employee that she had been in a dating relationship with Brummett, born in January 2005.

After her initial report, L.B. was forensically interviewed at the BraveBe Child Advocacy Center. During the interview, L.B. stated she was living with her mother and her mother's boyfriend at a residence in Lincoln, Nebraska. At the beginning of August 2024, all three of them traveled to Oklahoma to pick up her mother's boyfriend's family member, Brummett.

L.B. and Brummett began a dating relationship, and Brummett moved with L.B. to live at her residence in Lincoln. While in Lincoln, L.B. had penile-vaginal sex with Brummett multiple times beginning on August 5, 2024.

After her forensic interview, L.B. had a medical exam where she repeated that she had penile-vaginal sex with Brummett.

The district court accepted Brummett's plea, found him guilty of child abuse, and ordered a presentence investigation report (PSR) to be completed. The PSR contained statements from L.B. indicating that Brummett lied to her about his age.

On September 16, 2025, Brummett filed a notice in the district court of his intent to object to an order requiring that he register under SORA.

The district court held a hearing on December 17, 2025, for sentencing and to consider Brummett's objection to being ordered to register under SORA. After receiving comments from the parties' counsel, the judge overruled Brummett's objection, ordered SORA registration, and proceeded to sentencing.

At sentencing, the judge stated:

I do acknowledge your younger age, as well as the information that was in that sentencing report that was provided to the court, the upbringing that you had. However, this was, in the court's mind, more than just an accident.

There was deception, first off, with your age to get into this relationship with somebody that I can only believe that you knew you couldn't legally have a relationship with or that she didn't want to have a relationship with somebody your age.

And then when she did try to get out of that relationship, you would manipulate and continue that relationship and that contact. . . .

And so the court is not going to put you on a term of probation. The court has concerns for the safety of others based on your actions in this matter.

I have read and reviewed the [PSR]. I've considered the comments of counsel and [Brummett]. And I've considered the relevant statutory factors, including [Brummett's] age, mentality, education and experience, social and cultural background, past criminal record or record of law-abiding conduct, and motivation for the offense as well as the nature of the offense.

Having considered that information and having regard for the nature and circumstances of the crime and [Brummett's] history, character, and condition, I find [Brummett] is not a fit candidate for probation, that imprisonment is necessary for the protection of the public because there is a substantial risk [Brummett] would engage in

- 2 -

additional criminal conduct during any period of probation, and a lesser sentence would depreciate the seriousness of the crime and promote disrespect for the law.

The district court sentenced Brummett to a term of 3 years' imprisonment followed by 12 months' post-release supervision for child abuse, a Class IIIA felony. At sentencing, the judge orally pronounced that Brummett was to receive 345 days' credit for time served. In its written sentencing order, the judge stated that Brummett was to receive 348 days' credit for time served.

Brummett appeals.

## ASSIGNMENTS OF ERROR

Brummett assigns that the district court erred (1) by ordering him to register under SORA and (2) by imposing an excessive sentence.

## STANDARD OF REVIEW

Statutory interpretation presents a question of law, which an appellate court reviews independently. *State v. Wilson*, 306 Neb. 875, 947 N.W.2d 704 (2020).

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Rejai*, 320 Neb. 599, 29 N.W.3d 225 (2026). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

Consideration of plain error occurs at the discretion of an appellate court. *State v. Molina*, 320 Neb. 544, 28 N.W.3d 837 (2025). An appellate court may find plain error on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *Id.*

## ANALYSIS

*Sex Offender Registration.*

Brummett argues that the district court erred by ordering him to register under SORA.

Brummett pled no contest to child abuse pursuant to Neb Rev. Stat. § 28-707(1)(e) (Cum. Supp. 2024). Section 28-707(1) states "[a] person commits child abuse if he or she knowingly, intentionally, or negligently causes or permits a minor child to be: . . . (e) Placed in a situation to be sexually abused as defined in section 28-319, 28-319.01, or 28-320.01." According to Neb. Rev. Stat. § 29-4003(1)(b) (Cum. Supp. 2024),

> In addition to the registrable offenses under subdivision (1)(a) of this section, [SORA] applies to any person who on or after January 1, 2010:
>
> (i)(A) Except as provided in subdivision (1)(b)(i)(B) of this section, has ever pled guilty to, pled nolo contendere to, or been found guilty of any of the following:
> . . . .
> (XV) Child abuse pursuant to subdivision (1)(d) or (e) of section 28-707.

Both parties agree that pursuant to statute, Brummett must register under SORA. However, Brummett argues that the district court had discretion under its equitable jurisdiction to refrain from ordering Brummett to register under SORA.

A court's equitable powers cannot be used to provide relief that is contrary to statutory or constitutional requirements, and "[c]ourts of equity can no more disregard statutory and constitutional requirements and provisions than can courts of law." *In re Change of Name of Druckenmiller*, 316 Neb. 807, 815-16, 7 N.W.3d 199, 205 (2024) (citing *Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320, 327-28, 135 S. Ct. 1378, 191 L. Ed. 2d 471 (2015) (internal quotation marks omitted)). A court acting in equity may not provide for nonlegal, equitable remedies to avoid unduly harsh application of a statute. *In re Change of Name of Druckenmiller, supra.*

Here, Brummett was found guilty of child abuse. Pursuant to § 29-4003(1)(b), Brummett was required to register under SORA. See *State v. Wilson*, 306 Neb. 875, 947 N.W.2d 704 (2020) (individuals convicted for enumerated offenses must register under SORA with county sheriff in counties where they live, work, and attend school). The district court did not have discretion to order relief contrary to the statutory requirements. Therefore, the district court did not err in ordering Brummett to register under SORA pursuant to statute because it did not have discretion under its equitable jurisdiction to refrain from ordering Brummett to register.

*Excessive Sentence.*

Brummett argues that the district court imposed an excessive sentence. He claims that the district court should have imposed a lesser sentence because of his young age, he was a victim of abuse in his childhood, he has no prior criminal history, he was considered a low risk, he pled no contest, he took advantage of programming while imprisoned, including religious services, he worked as a porter while imprisoned, he had no disciplinary issues while imprisoned, and the sexual contact was not forced.

A Class IIIA felony is punishable by a maximum of 3 years' imprisonment and 18 months' post-release supervision or $10,000 fine, or both. See Neb. Rev. Stat. § 28-105(1) (Cum. Supp. 2024). Brummett was sentenced to a term of 3 years' imprisonment followed by 12 months' post-release supervision for child abuse, a Class IIIA felony. The sentence imposed is within the statutory limits; we therefore review the sentence only for an abuse of discretion.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors, as well as any applicable legal principles in determining the sentence to be imposed. *State v. Rejai*, 320 Neb. 599, 29 N.W.3d 225 (2026). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

At sentencing, the district court stated it had considered the information in the PSR and the legally required factors when fashioning the sentence. However, because Brummett lied about his age and manipulated the situation, the district court found that there was concern for the safety of others and ordered imprisonment.

The sentence imposed is within statutory limits. There is no indication the district court considered any inappropriate factors when fashioning the sentence. Therefore, the district court did not abuse its discretion in imposing Brummett's sentence.

*Plain Error.*

In its brief, the State notes that the district court's written sentencing order conflicts with its oral pronouncement. In the written sentencing order, Brummett received 348 days' credit for time served, rather than the 345 days orally pronounced at the sentencing hearing. On March 24, 2026, Brummett also filed a stipulation in this court that the credit for time served should be 345 days.

When a trial court gives a defendant more or less credit than he or she is entitled to, that portion of the pronouncement of sentence is erroneous and may be corrected on direct appeal to reflect the accurate amount of credit as verified objectively by the record. *State v. Nelson*, 318 Neb. 484, 16 N.W.3d 883 (2025).

Based on our review of the record, we determine 345 days is the correct credit for time served and is not disputed by the parties. Therefore, we modify the district court's sentencing order to conform to the oral pronouncement and stipulation.

## CONCLUSION

We conclude that the district court did not err by ordering Brummett to register under SORA, and it did not abuse its discretion in the sentence imposed.

However, we find that the district court committed plain error in its written sentencing order regarding credit for time served. We modify the written sentencing order to conform to the oral pronouncement and stipulation of 345 days' credit for time served.

AFFIRMED AS MODIFIED.